**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BRANDON SMITH,

       Plaintiff,

v.                                                                                          No. 1:21-cv-625

NISSAN MOTOR CO., LTD., and
NISSAN NORTH AMERICA, INC.,

       Defendants.

**NOTICE OF REMOVAL**

COME NOW Defendants Nissan Motor Co., Ltd. ("NML") and Nissan North America, Inc. ("NNA") (collectively, "Defendants") and, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, file this Notice of Removal to remove the above-captioned case from the Eleventh Judicial District Court, County of McKinley, State of New Mexico, to the United States District Court for the District of New Mexico. As grounds for removal, Defendants state as follows:

1. On or about June 4, 2021, Brandon Smith commenced this action in the Eleventh Judicial District Court bearing Cause No. D-1113-CV-2021-00234.

2. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

**I.      PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

3. Per the Summons Return attached as Exhibit A, Plaintiff served NNA via its registered agent with the Summons and Complaint for Personal Injury and Punitive Damages ("Complaint") on June 7, 2021.  Accordingly, this Notice of Removal is timely filed pursuant to

28 U.S.C. § 1446(b), because it is being filed within thirty days after Plaintiff served NNA with the Complaint. NML accepted service on June 28, 2021.

4.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, orders, and pleadings served on Defendants is attached hereto as Exhibit A.

5.      No previous application has been made for the relief requested herein.

6.      No responsive pleadings to Plaintiff's Complaint have been filed in the state court action and no other parties have appeared in that proceeding. (*See* Exhibit B.)

7.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Court for the Eleventh Judicial District Court, County of McKinley, State of New Mexico.

## II.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 & 1441

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and the action is between citizens of different states.

### A.      The Amount-in-Controversy Requirement Is Satisfied

9.      The amount in controversy in this case exceeds $75,000.00. Where, as here, a complaint does not contain dispositive allegations of the amount in controversy, a defendant can remove by specifying the amount in controversy in the notice of removal and establishing the amount in controversy by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). The amount in controversy in this case can be determined according to the allegations in Plaintiff's Complaint. *See, e.g.*, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal."

*McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). Calculations of the amount in controversy include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assurance Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943); *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994).

10.     Plaintiff's Complaint alleges, *inter alia*, that Plaintiff was operating a 2005 Nissan Sentra on eastbound I-40 in McKinley County, New Mexico, when he was involved in a collision causing "serious, catastrophic injuries" to Plaintiff. [Complaint (Exhibit A) ¶¶ 8, 55.] Plaintiff alleges that the vehicle failed to provide adequate occupant protection "because the occupant compartment zone was destroyed when the door hinge moved rearward 12 inches." [*Id.* ¶ 9.] Plaintiff seeks civil damages based upon claims of negligence, strict liability, and recklessness. Due to the "serious, catastrophic injuries" Plaintiff allegedly suffered, he seeks "damages, including but not limited to the following (a) [t]he reasonable expenses of necessarily medical care and treatment, as well as nonmedical expenses, which have been required as a result of the injury, and the present cash value of medical and nonmedical expenses reasonably certain to be required in the future; (b) [p]ain and suffering experienced and reasonable certain to be experienced in the future by Plaintiff; (c) [l]oss of earnings, loss of earning capacity, loss of household services, and the present cash value of earnings and household services reasonably certain to be lost in the future; (d) [t]he nature, extent and duration of the injury, including disfigurement; (e) [l]oss of enjoyment of life experienced and reasonably certain to be experienced in the future." [*Id.* ¶¶ 55, 104.] Plaintiff also seeks punitive damages. [*Id.* ¶¶ 105-107.]

11.     If this matter involves a catastrophic injury, damages will exceed $75,000. For example, Plaintiff's counsels' websites list several case results for personal injury matters that are all in the multi-million range. *See, e.g.*, https://dpslawgroup.com/type-of-victory/significant-

verdicts-settlements/  (last visited July 7, 2021) (listing a $12.5 million settlement in a personal injury action and a $40.5 million verdict in a wrongful death action); https://www.vehiclesafety firm.com/blog/safety-defect/car-repair/thank-auto-body-association-texas/  (last visited July 7, 2021) (noting a $42 million verdict in a crashworthiness case).  Likewise, personal injury verdicts in New Mexico often exceed $75,000, even in cases from nearly two decades ago. *See, e.g.*, *Clay v. Ferrellgas, Inc.*, 1994-NMSC-080, ¶ 10, 118 N.M. 266, 268 (personal injury verdicts for 2 plaintiffs of $250,000 and $345,000 in compensatory damages are $375,000 each in punitive damages); *Long v. Cont'l Divide Elec. Coop.*, 1994-NMCA-044, ¶ 2, 117 N.M. 543, 544 (personal injury verdicts totaling $500,000 for 3 plaintiffs); *Southard v. Fox*, 1992-NMCA-045, ¶¶ 3-4, 113 N.M. 774, 775 ($130,000 verdict rendered in automobile accident case where medical expenses were approximately $12,000). Based on the nature of the claims in this case and the above authorities, the amount in controversy at the time suit was filed and at the time of this removal exceeds $75,000 exclusive of interest and costs.

**B.     There Is Complete Diversity of Citizenship**

12.     According to the Complaint, Plaintiff Brandon Smith is a citizen of the State of Washington. [Complaint ¶ 1.]

13.     Defendant Nissan Motor Co., Ltd. is a Japanese corporation.  [*Id.* ¶ 2.]

14.     Defendant Nissan North America, Inc. is a California corporation. [*Id.* ¶ 3.] Therefore, under 28 U.S.C. § 1332(c)(1), Defendant Nissan North America, Inc. is not a citizen of the State of New Mexico for diversity purposes.

15.      Complete diversity of citizenship exists because Plaintiff is a citizen of Washington and Defendants are citizens of Japan and California, respectively.

**C.**     **Consent to Removal Is Unnecessary Since No Other Party Has Appeared**

16.     As of the date of this filing, NML and NNA are the only defendants in this action.

Accordingly, no other consent is needed.

WHEREFORE, Defendants NML and NNA respectfully remove this action from the

Eleventh Judicial District Court, County of McKinley, State of New Mexico, bearing cause No.

D-1113-CV-2021-00234, to the United States District Court for the District of New Mexico,

pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

**HARTLINE BARGER LLP**

By:     */s/ Terra Hittson*
    Donald A. DeCandia
    Terra Hittson
    141 E. Palace Avenue
    Garden Level, Suite 2
    Santa Fe, NM 87501
    Phone:  505-336-5300
    Email:  ddecandia@hartlinebarger.com
            thittson@hartlinebarger.com
*Attorneys for Defendants Nissan Motor Co., Ltd.*
*and Nissan North America, Inc.*

I HEREBY CERTIFY that on the 7th day of July, 2021, the foregoing was filed electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and provided email service to the following:

*Attorneys for Plaintiff:*
Justin R. Kaufman
Rosalind B. Bienvenu
Caren I. Friedman
Durham, Pittard & Spalding, LLP
505 Cerrillos Road, Suite A209
Santa Fe, NM 87501
jkaufman@dpslawgroup.com
rbienvenu@dpslawgroup.com
cfriedman@dpslawgroup.com

E. Todd Tracy
The Tracy Firm
4701 Bengal Street
Dallas, TX 75235
ttracy@vehiclesafestyfirm.com


**HARTLINE BARGER LLP**

By:  */s/ Terra Hittson*
      Terra Hittson